UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ANGELA VARGAS, and all others similarly situated

      Plaintiff,

vs.

ALEJANDRO CLABIORNE, and
VIRGINIE CLABIORNE

      Defendants.
_____/

## **COMPLAINT**

COMES NOW Plaintiff, ANGELA VARGAS, by and through her undersigned attorney, and hereby sues Defendants, ALEJANDRO CLABIORNE and VIRGINIE CLABIORNE, and as grounds alleges:

JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

5. Defendant ALEJANDRO CLABIORNE is and/or was a resident of Miami-Dade County, Florida, at the all times material hereto.

6. Defendant VIRGINIE CLABIORNE is and/or was a resident of Miami-Dade County, Florida, at the all times material hereto.

**FLSA COVERAGE**

7. 29 U.S.C. §202(a) provides "that the employment of persons in domestic service in households affects commerce." 29 CFR § 552.99 ("The Senate Committee on Labor and Public Welfare… concluded 'that coverage of domestic employees is a vital step in the direction of ensuring that all workers affecting interstate commerce are protected by the Fair Labor Standards Act'".

8. Further, 29 U.S.C. §207(l) provides that "[n]o employer shall employ any employee in domestic service in one or more households for a workweek longer than forty hours unless such employee receives compensation for such employment in accordance with subsection (a)."

9. Plaintiff Angela Vargas was engaged to be employed in the position of a non-live-in domestic servant, throughout her employment. Plaintiff Angela Vargas provided her services in the private household of the Defendants. Plaintiff Angela Vargas performed domestic services on a regular and recurrent basis. Accordingly, Plaintiff Vargas is a covered an employee under the Act.

10. The individual Defendant, Alejandro Clabiorne, is Plaintiff's employer as defined in 29 U.S.C. § 203(d), as he acted directly and/or indirectly with respect to controlling the conditions of employment.

11.     The individual Defendant, Virginie Clabiorne, is Plaintiff's employer as defined in 29 U.S.C. § 203(d), as he acted directly and/or indirectly with respect to controlling the conditions of employment.

12.     The control exerted by each Defendants includes, but is not limited to, the hiring and firing of Plaintiff, controlling the work schedule of the Plaintiff, supervising and directing the work and tasks to be performed by Plaintiff, determining the rate of Plaintiff's wages, and maintaining Plaintiff's employment records.

## COUNT I: UNPAID OVERTIME WAGES

13.     Plaintiff re-alleges and re-avers paragraphs 1 through 12 as fully set forth herein.

14.     Plaintiff was employed by the Defendants as a non-live-in domestic servant.

15.     Plaintiff was employed by Defendants from on or about December 30, 2019 through April 30, 2021.

16.     Plaintiff worked approximately 50 hours per week.

17.     Plaintiff was paid $800 per week, or an equivalent rate of $16.00 per hour.

18.     Plaintiff was not paid overtime wages when she worked more than 40 hour per week. Accordingly, Plaintiff claims the halftime rate for each hour worked over 40 hours weekly.

19.     The FLSA requires that employees be paid overtime hours worked in excess of forty (40) hours weekly at a rate of time-and-one-half the regular rate. At all times material hereto, Defendants failed to comply with Title 29 U.S.C. § 201-219 and 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendants to properly pay her at the rate of time and one-half for all hours worked in excess of forty (40) per workweek as provided in the FLSA.

20. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and further aware that Plaintiff was working more than 40 hours per week. Defendants were aware of Plaintiff's pay records and the rate that she was being paid for his hours. Defendants attempted to obfuscate the payment of overtime rate by knowingly mischaracterizing the requirements of the FLSA, by knowingly providing a method of calculation of overtime hours which did not comply with the FLSA. Despite Defendants' having knowledge of Plaintiff's hours and their failure to pay overtime wages, Defendants did not change their pay practices and continued to fail to pay Plaintiff, and those similarly situated, the overtime wages she remains due and owing.

21. Plaintiff has retained the law offices of the undersigned attorneys to represent her in this action and is entitled to award of reasonable attorney's fees.

WHEREFORE, Plaintiff requests compensatory and liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## **JURY DEMAND**

Plaintiff and those similarly-situated demands trial by jury of all issues triable as of right by jury.

      Dated: May 5, 2021

      Law Office of Daniel T. Feld, P.A.
      *Co-Counsel for Plaintiff*
      2847 Hollywood Blvd.
      Hollywood, Florida 33020
      Tel: (954) 361-8383
      Email: DanielFeld.Esq@gmail.com

      */s Daniel T. Feld*
      Daniel T. Feld, Esq.
      Florida Bar No. 37013

      Mamane Law LLC
      *Co-counsel for Plaintiff*
      10800 Biscayne Blvd., Suite 650
      Miami, Florida 33161
      Telephone (305) 773 - 6661
      E-mail: mamane@gmail.com

      *s/ Isaac Mamane*
      Isaac Mamane, Esq.
      Florida Bar No. 44561